UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALMA BELL KILGORE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )    No. 16-2102-STA-dkv |
| | ) |
| MEGAN J. BRENNAN, | ) |
| Postmaster General, | ) |
| | ) |
|     Defendant. | ) |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Plaintiff Alma Bell Kilgore filed a pro se employment discrimination complaint against Megan J. Brennan, Postmaster General, alleging discrimination on the basis of race, color, gender, and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Age Discrimination Act of 1964, 29 U.S.C. § 621 et seq. (ECF No. 1.) Before the Court is the United States Magistrate Judge's Report and Recommendation that Defendant's motion to dismiss (ECF No. 9) be granted and that Plaintiff's motion for entry of default (ECF No. 7) be denied. Magistrate Judge Diane K. Vescovo submitted her Report and Recommendation on July 18, 2016. (ECF No. 12.) Plaintiff has filed objections to the Magistrate Judge's Report, and Defendant has filed a response to the objections. Having reviewed the Magistrate Judge's Report and Recommendation *de novo* and the entire

record of the proceedings, the Court hereby **ADOPTS** the Report and Recommendation in its entirety. Defendant's motion to dismiss is **GRANTED**, and Plaintiff's motion for entry of default is **DENIED**.

If a party objects within the allotted time to a report and recommendation on a dispositive motion, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[1] Parties must file specific objections; "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."[2] "A general objection to the entirety of the magistrate's report has the same effect as would a failure to object."[3] Therefore, to the extent that Plaintiff has made "vague, general, or conclusory objections," such as recitations from previous pleadings, those objections are waived, and the Court will consider only the portions of the Report and Recommendation to which Plaintiff made specific objections.

Failure to Exhaust Administrative Remedies

The Magistrate Judge determined that the complaint failed to state a claim on which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff did not file a timely appeal of her termination and, thus, did not exhaust her administrative remedies. A summary of the allegations of the complaint that relate to this issue is as follows:

> Kilgore filed a charge with the Equal Employment Opportunity Commission ("EEOC") on July 4, 2014, and the EEOC issued a Right to Sue letter which she received on December 3, 2015, Kilgore has attached to the complaint a letter she received from the EEOC's Office of Federal Operations ("OFO") on December 3,

---

[1] 28 U.S.C. § 636(b) (1); *see also* Fed. R. Civ. P. 72(b).

[2] *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

[3] *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

2015. According to this letter, the United States Postal Service ("the Agency") issued a final decision on Kilgore's employment discrimination complaint on August 5, 2015, which Kilgore received on August 8, 2015. In its August 5, 2015 final decision letter, the Agency advised Kilgore that she had 30 days after receipt of the decision to appeal with the OFO. However, Kilgore did not file an appeal with the OFO until September 15, 2015, eight days after her appeal was due. Thereafter, on December 3, 2015, the OFO dismissed Kilgore's appeal as untimely pursuant to 29 C.F.R. § 1614.403(c) because the appeal was filed beyond the 30-day time limit set by the regulations.[4]

Magistrate Judge Vescovo determined that Plaintiff's appeal to OFO was untimely because Plaintiff did not file the appeal until eight days after it was due. "Exhaustion of administrative requirements is a precondition to filing a Title VII suit."[5]

The Magistrate Judge found that the doctrine of equitable tolling did not help Plaintiff even though this doctrine applies to administrative requirements for federal employees. The Magistrate Judge rejected Plaintiff's explanation that her attorney's neglect equitably tolled her time for filing an appeal because:

> First, Kilgore had adequate notice of the filing deadline to appeal the Agency's final decision. In its August 5, 2015 letter, the Agency informed Kilgore that she may file an appeal with the EEOC's Office of Federal Operations within 30 days from the time she received the Agency's final order. Kilgore received this decision on August 8, 2015 and O'Neil received it on August 10, 2015. Second, Kilgore did not act diligently in pursuing her claims. Although Kilgore received the Agency's final decision letter on August 8, 2015, she did not file an appeal until September 15, 2015, 8 days too late. Kilgore attempts to blame the delay in filing the appeal on her attorney O'Neal who according to Kilgore "stopped representing [her] without informing [her]." Although Kilgore does not state when she stopped employing her attorney, she does allege that she filed a complaint about O'Neal with the Tennessee Board of Professional Responsibility on September 6, 2015. Notably, on September 6, 2015, she was still within the 30-day time period during which she could appeal the EEOC's decision. At this time, she was aware of her attorney's alleged misrepresentations, nevertheless she did not act diligently in attempting to file an appeal or request and extension. It cannot be said, therefore, that Kilgore exercised reasonable diligence in bringing her claims.[6]

---

[4] (Rep, & Rec., pp. 13-14 (citations omitted), ECF No. 12.)

[5] *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (citations omitted).

[6] (Rep, & Rec., pp. 3-4 (citations omitted), ECF No. 12.)

In her objections, Plaintiff again attempts to rely on her attorney's "lack of attention and concern for [her] case."[7] However, as explained by Magistrate Judge Vescovo, Plaintiff was on notice of her attorney's neglect of her case within the time to file an appeal, but she did not file an appeal on her own. The Court finds that the Magistrate Judge's determination that Plaintiff "has not offered adequate justification for an equitable tolling of the time limit for filing her appeal to the EEOC's Office of Federal Operations" to be supported by the facts and the applicable law.[8] Accordingly, the Magistrate Judge properly recommended granting Defendant's motion to dismiss on the ground of failure to exhaust administrative remedies.

## Insufficiency of Service of Process

Plaintiff filed a motion for entry of default because Defendant failed to answer Plaintiff's complaint within the requisite sixty days of being served with process. In response, Defendant contended that, although Plaintiff served the summons and complaint on Defendant, she failed to serve the U.S. Attorney for the Western District of Tennessee or the U.S. Attorney General pursuant to Federal Rule of Civil Procedure 4(i). Defendant requested that the Court dismiss Plaintiff's complaint for insufficient service of process. The Magistrate Judge recommended that Plaintiff's motion for entry of default be denied and that the motion to dismiss for insufficient service pursuant to Rules 4(m) and 12(b)(5) be granted.

As noted by the Magistrate Judge, Federal Rule of Civil Procedure 4(m) gives a plaintiff ninety days after the complaint is filed to achieve service of process. Service of a summons and complaint against the United States and its agencies, corporations, officers, or employees is governed by Rule 4(i) of the Federal Rules of Civil Procedure. Rule 4(i) requires that the

---

[7] (Obj., p. 6, ECF No. 13.)

[8] (Rep, & Rec., pp. 15 (citations omitted), ECF No. 12.)

plaintiff deliver a copy of the summons and complaint to the Attorney General of the United States, the United States Attorney for the district in which the action is brought, and the United States Agency.[9] Plaintiff has the burden of establishing the validity of service.[10]

Although Plaintiff properly served Defendant, she acknowledges that she did not serve the Attorney General of the United States. However, she argues that she did properly serve the United States Attorney for this district by filing in her complaint "in the clerk['s] office of this district.[11] Plaintiff misunderstands Rule 4(i)(1) which provides that service may be made by "deliver[ing] a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk." The "clerical employee" referred to in Rule 4(i)(1) is not the court clerk but, instead, a clerical employee designated in writing by the United States Attorney to accept process and the written designation has been filed with the court clerk.

The Magistrate Judge found that Plaintiff has not shown good cause for an extension of time in which to serve the U.S. Attorney General or the U.S. Attorney for the Western District of Tennessee. Plaintiff merely states that her failure to do so was an "oversight," which does not constitute good cause under Rule 4.[12] However, even if the Court found good cause for extending the time for service of process, an extension would not help Plaintiff because the Court has already determined that the complaint should be dismissed for failure to exhaust her administrative remedies.

---

[9] Fed. R. Civ. P. 4(i).

[10] *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006).

[11] (Obj., p. 4, ECF No. 13.)

[12] (*Id.*)

Because Magistrate Judge Vescovo correctly determined that Defendant was entitled to dismissal of the claims against her, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**. Accordingly, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's motion for entry of default is **DENIED**.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).[13] Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the District Court, along with a supporting affidavit.[14] However, Rule 24(a) also provides that if the District Court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals.[15]

The good faith standard is an objective one.[16] The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.[17] It would be inconsistent for a District Court to determine that Defendant is dismissal of the complaint but the action has sufficient merit to support an appeal *in forma pauperis*.[18] The same considerations that lead the Court to grant Defendant's motion to dismiss also compel the conclusion that an appeal would not be taken in good faith.

---

[13] *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999).

[14] Fed. R. App. P. 24(a)(1).

[15] Fed. R. App. P. 24(a)(4)-(5).

[16] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[17] *Id.*

[18] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983).

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[19]

**IT IS SO ORDERED.**

                                **s/ S. Thomas Anderson**
                                S. THOMAS ANDERSON
                                UNITED STATES DISTRICT JUDGE

                                Date: August 8, 2016.

---

[19] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.